IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,710






EX PARTE FRANK GONZALES HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4024-A IN THE 31
ST JUDICIAL DISTRICT COURT


FROM WHEELER COUNTY






 Per curiam. Keller, P.J., dissenting.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ninety-nine years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Hernandez v. State, No. 07-04-0034-CR (Tex. App. - Amarillo,
November 2, 2004, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel advised Applicant incorrectly as to the applicable sentencing range for the offense charged. 
As a result of counsel's incorrect advice, Applicant rejected the State's offer of ten years'
imprisonment, and went to trial. Applicant contends that if he had known that the State's ten-year
offer was the minimum sentence applicable to the offense charged, he would have accepted the offer
rather than going to trial on the charge. 

 The trial court finds that there is no evidence in the habeas record to support Applicant's
claims. However, the record shows that counsel informed the jurors during voir dire that the
applicable sentencing range for the offense was five to 99 years' or life imprisonment, and that five
to ten years' probation was a possibility. In fact, the minimum sentence for the offense charged was
ten years. The habeas record also confirms that the State made an offer of ten years' imprisonment,
which Applicant did not accept. We find, therefore, that counsel's incorrect advice to Applicant
about the applicable punishment range of punishment constituted deficient performance, and that but
for counsel's incorrect advice, Applicant would have accepted the State's offer of ten years'
imprisonment. Applicant received ineffective assistance of trial counsel and is entitled to a new trial.

 The judgment in Cause No. 4024 from the 31st Judicial District Court of Wheeler County is
set aside. Applicant is remanded to the custody of the Wheeler County Sheriff to answer the charge
against him. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice - Correctional
Institutions Division and Parole Division. 

Delivered: June 20, 2007

Do Not Publish